**Lon COULTER et al., Appellants,**

v.

**A. B. HENSLEY et al., d/b/a Hensley & Davis Chevrolet Company, Appellees.**

Court of Appeals of Kentucky.

Feb. 2, 1962.

Wilson & Nunn, Glasgow, for appellants.

Robert C. Carter, Glasgow, for appellees.

MILLIKEN, Judge.

The appellants were adjudged jointly and severally liable on a note for $2,800 executed by the appellant, Lon Coulter, for the purchase of a 1958 Chevrolet. The other appellants, Mary Coulter, Marie Coulter Coe and Carlie Fay Coe, the wife, daughter and son-in-law of Lon Coulter, were held liable on the theory that Coulter had expended funds of and transferred property to a business ostensibly operated by his wife and daughter as partners. Coulter admitted execution of the note, but claimed he paid it in cash without regaining possession of the note. The unsigned document which he claimed as a receipt for his alleged cash payment was shown to the jury and, in answer to a question submitted to them by the trial court, they unanimously found that Coulter had not paid the note sued on.

In answer to another interrogatory submitted to them by the trial court, the jury again found in favor of the complainants to the effect that the appellants were partners.

After summarizing and interpreting testimony in their brief, the appellants attack the judgment on the ground that their evidence showed (1) that the note had been paid and (2) that the appellants were not partners. We do not need to summarize their evidence for the purpose of this appeal, for a brief summary of the evidence offered by the complainants (the appellees) will reveal that the evidence presented to the jury was conflicting, and hence was within the jury's province to weigh and determine.

The appellees' salient evidence denied Coulter's claim of cash payment of the note, it further contended that Lon said "he owned and operated the 31–W Wrecking Yard" when he sought credit to buy the

Chevrolet automobile for which the note sued on was given; it further showed sale of a truck to Coulter for which his note was accepted and on which was painted "31–W Wrecking Yard", the business which it was claimed by the appellants was a partnership solely of Mary Coulter and Marie Coulter Coe. When this latter note executed by Lon Coulter was paid, it was paid by the "31–W Wrecking Yard" by check drawn by the appellant, Marie Coe. Furthermore, it was shown that checks were drawn by Lon Coulter on "31–W Wrecking Yard." Coulter had been in the car wrecking business at another site in the county, so was familiar with the car wrecking business. Other financial transactions following a somewhat similar pattern revealed a general intermingling of the family's funds—a borrowing from Peter to pay Paul method of doing business. We conclude there was sufficient evidence presented to the jury to sustain their verdict.

The judgment is affirmed.